UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC., <br><br> *Plaintiffs* <br><br> v. <br><br> 012 STICKERS STORE, 138 STORE, 640350 STORE, 812919634 STORE, A PLEASANT TRIP STORE, A&S SHOW STORE, AIQIN STORE, ALMAN STORE, ANGELPAPA STORE, ANIME SERIES TOY STORE, ANIME TOY SERIES STORE, BABY SUSIE STORE, BABYWEAR STORE, BCAA STORE, BIAOLUN STORE, BOOM SPECIALTY STORE, BREATHING LIGHTLY STORE, CAREBABY STORE, CHEAP WITH GOOD VALUE STORE, CHILDREN'S FACTORY STORE STORE, DASHINI STORE, ETST WENDY BABY STORE, FAADDEARW STORE, FIRST BACKDROPS STORE, FOURTRY STORE, FUDANL PARTY STORE, FUNNYTOY_DROPSHIPPING STORE, GOOD LUCKLY YOU STORE, GREATTIME STORE, HAOYUEXING STORE, HAPPYS CHILDHOOD STORE, HASBROANIME FIGURES TOY STORE, HOLIDAY PARTY SHOP STORE, H-T STORE, KHZ TOY STORE, KONPENG STORE, LADYBUG STORE, LESHANG STORE, LET'S PARTY TOGETHER STORE, LUCKIY - CHILD STORE, LXH TOY 2 STORE, MENGRU TOY STORE, MI F STORE, MIBA KIDS CLOTHES STORE, MICO&MOCO BABY STORE, MIKECRACK STORE, MORNINGBEBE TOY STORE, MUMU1214 STORE, NEW TOY 2021 STORE, PAPYBAL BALLOONS STORE, PARTY BACKGROUND DECORATION STORE, PARTY GROCERY STORE, PARTY'LIFE STORE, PARTYSTART STORE, PRETTYDOVEY STORE, RED AGE STORE, RELEASE TOY STORE, ROBLOX STORE, SANMANDI STORE, SHOP1970547 STORE, SHOP3195061 STORE, SHOP5054185 STORE, SHOP5440075 STORE, SHOP5734145 STORE, SHOP5882412 STORE, SHOP912626714 STORE, SRUI STORE, STARTING POINT TOY STORE, STULO STORE, SUNNY WONDERLAND, SUNSFUN WALL ART STORE, SURPRISE BABY STORE, TOBFATION STORE, TODAY DECOR STORE, TREE PLUSH TOY STORE, TSHIRT BOYS/GIRL BABY STORE, | 22-cv-2394 (JMF) <br><br> [PROPOSED] <br> PRELIMINARY <br> INJUNCTION ORDER |

1

TZ GORUN STORE, WANGQIANYU STORE, WARM CHILDHOOD STORE, WEIXI KIDS CLOTHES STORE, WINMORE ALI STORE, WOWW PARTY STORE, XJ MODEL STORE, YAYESTUDIO STORE, YI123456LELE STORE, YIWU-WELL 01 STORE, ZCTOYS STORE, ZHIHAO COSTUME STORE, ZIROU STORE, ZIYANG CHILD STORE and Z-ONE PARTY STORE,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiffs** | Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure") |
| **Defendants** | 012 Stickers Store, 138 Store, 640350 Store, 812919634 Store, A pleasant trip Store, A&S show Store, aiqin Store, Alman Store, Angelpapa Store, Anime series toy Store, Anime toy series Store, Baby Susie Store, BabyWear Store, BCAA Store, BIAOLUN Store, Boom Specialty Store, Breathing Lightly Store, Carebaby Store, Cheap with good value Store, Children's factory store Store, dashini Store, ETST WENDY Baby Store, Faaddearw Store, First Backdrops Store, Fourtry Store, FUDANL Party Store, FunnyToy_Dropshipping Store, good luckly you Store, Greattime Store, haoyuexing Store, Happys Childhood Store, HasbroAnime Figures Toy Store, Holiday party shop Store, H-T Store, KHz toy Store, Konpeng Store, Ladybug Store, leshang Store, Let's party together Store, LuckIy - child Store, LXH toy 2 Store, Mengru Toy Store, Mi F Store, miba kids clothes Store, MICO&MOCO BABY Store, Mikecrack Store, Morningbebe Toy Store, mumu1214 Store, New toy 2021 Store, PAPYBAL Balloons Store, Party Background Decoration Store, Party Grocery Store, party'life Store, Partystart Store, Prettydovey Store, Red Age Store, Release Toy Store, Roblox Store, Sanmandi Store, Shop1970547 Store, Shop3195061 Store, Shop5054185 Store, Shop5440075 Store, |

|  | Shop5734145 Store, Shop5882412 Store, Shop912626714 Store, SRUI Store, starting point toy Store, STULO Store, Sunny Wonderland, Sunsfun Wall Art Store, Surprise baby Store, TOBFATION Store, Today Decor Store, tree plush toy Store, Tshirt Boys/Girl Baby Store, TZ GORUN Store, WangQianYu Store, Warm childhood Store, weixi kids clothes Store, Winmore Ali Store, Woww party Store, XJ model Store, yayeStudio Store, yi123456lele Store, yiwu-Well 01 Store, zctoys Store, ZhiHao Costume Store, Zirou Store, Ziyang Child Store and Z-One Party Store |
|---|---|
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 224 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' e*x parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Miller Dec.** | Declaration of Rob Miller in Support of Plaintiffs' Application |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiffs' Application |
| **CoComelon Content** | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs |
| **CoComelon Applications** | U.S. Trademark Serial Application Nos.: |

3

| | |
|---|---|
| | 88/945,840 for "![CoComelon logo]" for goods in Class 3; 88/681,276 for "![CoComelon logo]" for goods in Class 25; 88/681,270 for "![CoComelon logo]" for goods in Class 9; 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,280 for "![CoComelon logo]" for goods in Class 28 and 88/681,253 for "COCOMELON" for goods in Class 25 |
| **CoComelon Registrations** | U.S. Trademark Registration Nos.: 6,375,368 for "COCOMELON" for goods in Class 16; 5,918,526 for "![CoComelon logo]" for goods in Classes 9 and 41; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25 and |

4

|  |  |
|---|---|
|  | 6,563,758 for " ![CoComelon logo] " for goods in Class 25 |
| **CoComelon Marks** | The marks covered by the CoComelon Registrations and CoComelon Applications |
| **CoComelon Works** | U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017;VAu 1-319-613 covering Animal Characters 2017 and VAu 1-374-077 covering CoComelon Logo |
| **CoComelon Products** | A variety of consumer products including toys, apparel, backpacks and other gear |
| **Counterfeit Products** | Products bearing or used in connection with the CoComelon Marks and/or CoComelon Works, and/or products in packaging and/or containing labels and/or hang tags bearing the CoComelon Marks and/or CoComelon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works and/or products that are identical or confusingly or substantially similar to the CoComelon Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective |

| | |
|---|---|
| | officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiffs having moved *ex parte* on March 24, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on March 25, 2022 ("TRO") which ordered Defendants to appear on April 8, 2022 at 4:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on April 4, 2022, Plaintiffs filed a letter requesting to modify and extend the TRO;

WHEREAS, on April 4, 2022, the Court entered an Order granting Plaintiffs' request, adjourning the Show Cause Hearing to April 14, 2022 at 4:15 p.m. and extending the TRO ("April 4, 2022 Order");

WHEREAS, on April 8, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of Plaintiffs' Application and the April 4, 2022 Order on each and every Defendant, except Defendants Fourtry Store and Surprise baby Store, who were subsequently served on April 13, 2022;

WHEREAS, on April 14, 2022 at 4:15 p.m., Plaintiffs appeared at the Show Cause Hearing, however, none of the Defendants appeared.

**ORDER**

1. The deadline for Defendants Fourtry Store and Surprise baby Store to file any opposition is hereby EXTENDED, *nunc pro tunc*, to **April 21, 2022**. If Defendants Fourtry Store and Surprise baby Store do not file any opposition by that date, the following Order shall

automatically apply to them at that time. In light of the foregoing, the Court's March 25, 2022 Temporary Restraining Order is EXTENDED as to Defendants Fourtry Store and Surprise baby Store through and including **April 21, 2022**.

2. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the CoComelon Works and/or CoComelon Marks and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the CoComelon Works and/or CoComelon Marks;

        ii. directly or indirectly infringing in any manner Plaintiffs' CoComelon Marks and CoComelon Works;

        iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' CoComelon Marks and CoComelon Works, to identify any goods or services not authorized by Plaintiffs;

        iv. using Plaintiffs' CoComelon Marks and/or CoComelon Works and/or any other marks that are confusingly similar to the CoComelon Marks and/or any artwork that is substantially similar to the CoComelon Works, on or in connection with

    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

  v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

  vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

  vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit

   Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

  viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above, 1(b)(i) through 1(b)(ii) and 1(c)(i) ~~through 1(c)(ii)~~ below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

  ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

  iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) above and 1(c)(i) ~~through 1(c)(ii)~~ below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. Providing services to Defendants, Defendants' User Accounts and Defendants'

> Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are connected to the Counterfeit Products; and
>
> ii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) above and 1(c)(i) ~~through 1(c)(ii)~~ above.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

    b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

    c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including,

    but not limited to, documents and records relating to:

    i. account numbers;

    ii. current account balances;

    iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

      i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

      ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

      iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

      iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the CoComelon Marks and/or CoComelon Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the CoComelon Marks and/or CoComelon Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made

on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by AliExpress pursuant to Paragraph V(C) of the TRO or may otherwise be determined; or

    b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to

        PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alipay.com Co., Ltd, Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

    c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliExpress will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

    d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

    e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal@pingpongx.com.

7. The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

10. Plaintiffs shall, no later than **ninety days from the date of this order**, file a status update, which shall include any proposal regarding default judgment proceedings.

SO ORDERED.

Dated: April 14, 2022
       New York, New York

                                            JESSE M. FURMAN
                                     United States District Judge