UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                        :
MOONBUG ENTERTAINMENT LTD et al.,                       :
                                                        :
                        Plaintiffs,                     :
                                                        :
                                                        :                22-CV-2394 (JMF)
              -v-                                        :
                                                        :          MEMORANDUM OPINION
012 STICKERS STORE et al.,                              :              AND ORDER
                                                        :
                        Defendants.                     :
                                                        :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On November 14, 2022, the Court held a conference with respect to Plaintiffs' motion for default judgment. *See* ECF No. 43. The Court reserved judgment, particularly with respect to Defendants whose addresses are known to Plaintiffs ("Defaulting Defendants"), and gave Plaintiffs several options: (1) staying the action pending the appeal in *Smart Study Co. v. Acuteye-Us*, No. 21-CV-5860 (GHW) (S.D.N.Y. appeal filed Aug. 18, 2022); (2) attempting to serve Defaulting Defendants via the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"); or (3) providing supplemental briefing addressing whether the Court could grant default judgment as to Defaulting Defendants under Article 15 of the Hague Convention.[1] Plaintiffs elected the third option and, on December 14, 2022, submitted a supplemental brief arguing that, pursuant to Article 15 of the Hague Convention, the Court is authorized to enter default judgment against the Defaulting Defendants without serving them via the Hague Convention. *See* ECF No. 45 ("Supp. Br.").

The Court disagrees. Plaintiffs rely on Article 15, which provides in relevant part that, "[n]otwithstanding the provisions of the preceding paragraphs[,] the judge may order, in case of urgency, any provisional or protective measures." Hague Convention, art. 15. But there is no "urgency" with respect to Plaintiffs' motion for a default judgment given that they were previously granted a preliminary injunction. *See* ECF No. 17. Moreover, Plaintiffs do not seek "provisional or protective measures," as they did at the preliminary injunction stage; they seek entry of final judgment. Plaintiffs' assertion that service through the Hague Convention "would likely be an exercise in futility," Supp. Br. 2, may be true, but is beside the point, as Plaintiffs point to nothing in the Hague Convention that excuses service on that ground. Additionally, allowing Plaintiffs to secure preliminary relief without requiring service through the Hague

---

[1]     The Court gave Plaintiffs a fourth option: showing that Defaulting Defendants' addresses are not known, in which case the Hague Convention, by its terms, would not apply. As to Defaulting Defendants (as distinct from other Defendants in the case, as to whom Plaintiffs previously made such a showing), Plaintiffs have not tried to make that showing.

Convention, but requiring service through the Hague Convention before entry of default judgment, does not, as Plaintiffs assert, "def[y] logic."  *Id.* at 3.  For one thing, it is consistent with the plain language of Article 15, which, as noted, requires "urgency" and speaks only of "provisional or protective measures."  For another, there is good reason to permit a plaintiff who satisfies the standards for a preliminary injunction, including by showing irreparable harm, to obtain preliminary relief without going through the laborious Hague Convention process; there is no good reason to do the same at the default judgment stage when, as here, the plaintiff already has the protection of a preliminary injunction.

Accordingly, to the extent that Plaintiffs move for entry of a default judgment as to Defaulting Defendants without the need for service through the Hague Convention, the motion is DENIED.  Instead, Plaintiffs are ORDERED to serve Defaulting Defendants through the Hague Convention and to provide an update to the Court no later than **July 17, 2023**.[2]

SO ORDERED.

Dated: December 16, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2]     If Plaintiffs believe that the case should instead be stayed pending a ruling in *Smart Study*, they may apply for a stay.  That said, the Court is skeptical that a stay would be warranted.  It is unlikely that Plaintiffs could show that they would suffer irreparable harm in the absence of a stay.  And given the length of time it will take to complete service through the Hague Convention, it would be better to get the ball rolling now regardless.